HENRICUS *et al*. v. ENGLERT.

*(Supreme Court, General Term, Fifth Department.* January, 1892.)

1. APPEAL—QUESTIONS RAISED—MOTION FOR COSTS.
Where a motion is made for an order to require certain persons to pay the costs of a suit, and no objection is taken on the hearing to the competency of the proofs on which the order is granted, the objection cannot afterwards be taken on appeal.

2. COSTS—WHO LIABLE.
Where a suit is brought in the name of another, and, costs having been awarded against him, a motion is made to require the "real parties in interest" to pay the same, the case is within Code Civil Proc. § 3247, which declares that, under such circumstances, the persons "beneficially interested" shall be liable for costs.

3. SAME—ORDER FOR PAYMENT—PRACTICE.
The proper practice, under section 3247, to obtain the payment of costs by persons beneficially interested in a suit is by motion, since the statute provides that the remedy shall be given by order, and such a direction as is made by the order could have no place in the judgment.

Appeal from special term, Monroe county.

Action by Charles F. Henricus and others against Charles Englert to recover of the defendant as surety upon a bond for the faithful performance of a building contract. Defendant obtained judgment, and thereupon moved for an order requiring Mary M. Henricus and others, who were not parties to the action, to pay the costs awarded to the defendant in his judgment against the plaintiff. The order was granted, and the said Mary M. Henricus and others appeal. Order affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*D. C. Barnum*, for appellants. *Wm. E. Werner*, for respondent.

DWIGHT, P. J. The motion was made, as the notice specified, upon an affidavit of the defendant's attorney; the summons and complaint in a previous action by the appellants herein against the defendant in this action; and upon the judgment roll, testimony, and opinion of the referee in this action. The order recites that all these papers were read on the hearing of the motion, and, so far as the record shows, no objection was made to any of them as incompetent or inadmissible against the appellants. The latter read no papers in opposition to the motion, but apparently stood upon the insufficiency of the proofs to charge them with liability for the costs in question. It is obviously too late now to object to the competency of the proofs upon which the order was granted. That objection should have been made on the hearing of the motion, either preliminarily or when the objectionable proof was offered to be read. Such objection would have brought the question to the attention of the court below, and a ruling thereupon would have been subject to review on this appeal. The objection, not having been made below, is not here.

The proofs, as read, were quite sufficient to establish the fact that the action was brought by the appellants, through the plaintiffs as their agents, which was the manner in which all their business was done, and that the appellants were

in fact the real parties in interest. This brings the case directly within the provisions of section 3247 of the Code of Civil Procedure, which, so far as it is applicable to a case like the present, reads as follows: "Where an action is brought in the name of another by a * * * person who is beneficially interested therein, * * * the * * * person so interested is liable for costs in the like cases, and to the same extent, as if he was the plaintiff; and when costs are awarded against the plaintiff the court may by order direct the person so liable to pay them." The objection that the notice of motion did not specify the grounds presented by this section of the Code is not tenable. One of the grounds specified is that the appellants are the real parties in interest, and that the plaintiffs brought the action as their agents. The term "real parties in interest" is quite equivalent to the term "person beneficially interested." The practice of the defendant in pursuing his remedy, under section 3247, by motion, was correct. The section expressly provides that the remedy shall be given by order, and such a direction as is made by the order could have no place in the judgment. The order appealed from should be affirmed. Order appealed from affirmed, with $10 costs and disbursements.

All concur.